IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DARLENE CROUCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:06cv113 |
| | § | |
| J.C. PENNEY CORPORATION, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S SECOND
MOTION FOR LEAVE TO AMEND ANSWER**

On this day came on for consideration "Defendant's Second Motion for Leave to Amend Answer" [Doc. No. 26]. Having considered the motion, Plaintiff's response and Defendant's reply, the court is of the opinion the motion should be Granted.

**Background**

Plaintiff filed her Original Complaint on March 16, 2006. Defendant filed its Motion to Dismiss under Fed. R. Civ P. 12(b)(6) on April 12, 2006. The court granted Defendant's motion, dismissing Plaintiff's ADA claim without prejudice on July 18, 2006. On August 16, 2006, Plaintiff, having been issued a right to sue letter by the EEOC for her ADA claim, filed her First Amended Complaint. Defendant filed its Answer to Plaintiff's First Amended Complaint on August 24, 2006. The scheduling order in this case provides a deadline of September 1, 2006 for amending pleadings. On October 11, 2006, Defendant filed its First Motion for Leave to Amend Answer, which the court granted. On December 29, 2006, Defendant filed its Second Motion for Leave to Amend Answer.

**Discussion**

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings once the court has issued a scheduling order and the deadline provided in that order has passed. *S&W Enterprises, L.L.C. v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. Tex. 2003). Rule 16(b) provides that the court's scheduling order "'shall not be modified except on a showing of good cause and by leave of the district judge.'" *Id.* (quoting Fed. R. Civ. P. 16(b)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id*. at 535. (internal citation omitted).

Only upon a showing of "good cause" should a party be able to modify a scheduling order. *Id.* In evaluating whether good cause exists, the court should look at the following four factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

Defendant seeks to amend its answer to assert the defense of qualified privilege to Plaintiff's defamation claim.[1] Defendant argues that without engaging in discovery it could not have known that the affirmative defense of qualified privilege was available to it because Plaintiff did not allege with sufficient particularity in its complaint which individuals within J.C. Penney had made defamatory statements, to whom those statements were made, and the context in which such statements were made. This is because the original complaint makes broad allegations that the corrective action report regarding the Plaintiff was "published to various J.C. Penney employees ...".

---

[1] Defendant originally seeks to amend its answer to assert the defense of qualified immunity, but in its reply clarifies that it seeks leave to amend its answer to include the affirmative defense of qualified privilege.

*See* Original Compl. ¶ 4.06. The Plaintiff suggests there are over 150,000 J.C. Penney employees. The complaint also alleges that "Smith told human resources ...". *See id.* at ¶ 4.07. The Plaintiff suggests there are over 200 J.C. Penney H.R. employees. Finally, paragraph 8.02 of the original complaint alleges broadly that Defendant J.C. Penney through "its employees" made false statements concerning the Plaintiff and that such statements "were published internally at the Defendant company ...". *Id.* at ¶ 8.02.

While the court is not convinced that it was necessary to complete all discovery before Defendant could determine that the affirmative defense of qualified privilege might be applicable to the facts of this case, the court finds that it was reasonable for Defendant to conduct at least some discovery on Plaintiff's defamation claim before asserting such an affirmative defense. The amendment's importance to the Defendant's case is potentially great as it could provide a viable affirmative defense to Plaintiff's claim. The parties have not sought a continuance in this case thus far. The Plaintiff would not be prejudiced by the amendment. The Plaintiff will be allowed time to conduct additional discovery relevant to Defendant's affirmative defense of qualified privilege.

Defendant has shown good cause for modifying the court's scheduling order, and the court therefore looks to Federal Rule of Civil Procedure 15(a) to determine whether leave to amend should be granted. Leave to amend should be "freely given" as required by the Federal Rules of Civil Procedure. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). In determining whether leave to amend should be granted, the court may consider the following factors: (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) repeated failure to correct deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)). The court has already

determined that Defendant did not unduly delay filing its motion for leave to amend and that Plaintiff would not be prejudiced by the amendment. Nothing indicates that Defendant's motion for leave was made in bad faith, and Defendant's motion does not reflect a repeated failure to correct the amendment. Finally, Defendant seeks to amend its answer to assert a potentially viable defense; therefore, the amendment is not futile. Accordingly, Defendant's motion should be granted.

## Conclusion

For the foregoing reasons, "Defendant's Second Motion for Leave to Amend Answer" [Doc. No. 26] is **GRANTED**. The parties shall confer and submit an agreed amended scheduling order to the court within 10 days of the date of this order.

**SIGNED this the 10th day of April, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE