**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DARLENE CROUCH, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-cv-113 |
| | § | |
| J.C. PENNEY CORPORATION, INC., | § | |
|    Defendant. | § | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

Before the court is "J.C. Penney Corporation's Motion in Limine" (de # 89) and Darlene Crouch's Response thereto. Having considered the Motion and briefing responsive thereto, the court is of the opinion that the Motion should be GRANTED IN PART and DENIED IN PART.

On March 16, 2006, Darlene Crouch filed this lawsuit against J.C. Penney Corporation alleging federal causes of action based on the Family and Medical Leave Act ("FMLA), the Employee Retirement Income Security Act ("ERISA"), and the Americans with Disabilities Act ("ADA") (collectively, the "employment claims") and a state cause of action of defamation. On September 26, 2007, the court signed an order granting summary judgment in favor of J.C. Penney as to the employment claims. The court found that the evidence created issues of fact as to Crouch's defamation claim and therefore denied summary judgment as to that claim. *Crouch v. J.C. Penney Corp.*, No. 4:06-cv-113, 2007 WL 2823299, at *9 (E.D. Tex. Sept. 27, 2007).

Crouch first objects to this Motion as being untimely. The court's most recent Scheduling Order, signed on April 26, 2007, calls for motions in limine to be filed by July 30, 2007. The court conducted a pretrial hearing on October 9, 2007 with counsel for both parties present. In an order signed that day, the court provided the parties with a deadline of January 10, 2008 to submit their joint pretrial order, proposed jury instructions, and objections to witnesses and exhibits. (de # 76.)

The instant Motion, along with those documents, was submitted to the court on that date.

Because the court's order of October 9, 2007 did not reset the date by which the parties were to submit motions in limine, J.C. Penney's Motion is indeed untimely under the court's Scheduling Order of April 26, 2007. The court "enjoys broad discretion to preserve the integrity and purpose of the pretrial order." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 n.2 (5th Cir. 2007). Because of the narrowing of this case brought about by the court's order of September 26, 2007, the court finds that the timing of this Motion does not offend the integrity or purpose of the court's prior orders in this matter.

J.C. Penney first asks the court to require Crouch to obtain a ruling outside the presence of the jury before offering evidence related to the already dismissed employment claims. J.C. Penney argues that if Crouch offers such evidence, J.C. Penney would be put in the position of having to retry claims no longer before the court. Crouch responds by arguing that some evidence that lends support to the employment claims may also be relevant to the remaining defamation claim.

The court agrees that some evidence that touches on some or all of the employment claims may very well be relevant to Crouch's defamation claim. However, to the extent that Crouch intends to offer evidence to show that she suffered from a medical condition, the court finds that such evidence is irrelevant and would be unfairly prejudicial to J.C. Penney. Moreover, to the extent that Crouch intends to offer evidence to show that she was terminated for reasons prohibited by the FMLA, the ADA, or ERISA, the court finds that such evidence is irrelevant and would be unfairly prejudicial to J.C. Penney. The court is therefore of the opinion that the Motion should be GRANTED IN PART and DENIED IN PART on this point.

J.C. Penney next asks the court to require Crouch to obtain a ruling outside the presence of

the jury before offering specific instances of conduct bearing on the character for truthfulness of Ron Smith. Should Smith testify, the court is vested with the discretion to allow inquiry into such matters "for the purpose of attacking or supporting the witness' character for truthfulness." FED. R. EVID. 608(b). However, a hearing outside of the jury's presence may be necessary to establish the basis for any inquiries into specific conduct that may bear on Smith's character for truthfulness. Though Smith's believability is likely to be an issue at trial, a hearing outside the presence of the jury would not prejudice Crouch and would provide safeguards to eliminate potential undue prejudice on the part of J.C. Penney. The court is of the opinion that J.C. Penney's Motion should be GRANTED on this point.

The parties also argue over the admissibility of Plaintiff's Exhibit 333. Crouch evidently intends to offer the exhibit as evidence attacking Smith's character for truthfulness. J.C. Penney states in its Motion that "[i]t appears that the evidence does not relate to the Ron Smith who is employed by JCPenney." (Mot. 5.) If J.C. Penney is correct and the exhibit pertains to a person who is unrelated to this case, the exhibit will of course be irrelevant and, therefore, inadmissible. Otherwise, the court can not rule out the admissibility of the exhibit for the reasons discussed in the preceding paragraph.

The parties agree that, before offering exhibits that have not been produced in this case, the offering party should be required to obtain a ruling outside the presence of the jury. The court finds that J.C. Penney's Motion should be GRANTED on this point.

IT IS SO ORDERED.

**SIGNED this the 4th day of February, 2008.**

Page 3 of 3

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE